[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs by this action apply for a reassessment of damages for the taking by the defendant of a portion of their property for highway purposes, the plaintiffs claiming that the damages assessed are inadequate. The court had the benefit of appraisal reports and testimony from two expert appraisers, both of whom reached their conclusions as to values in some measure by resort to comparable sales.
The state has taken from the plaintiff 0.124 acre of land in the Town of Wethersfield. It has assessed damages in the sum of $5700, which has not been paid. The date of the taking is December 6, 1990. The reason for the taking is for the purpose of a new proposed ramp to Route 9.
Before the taking the property consisted of 0.587 acres of Flood Plain land with a one-and-a-half story frame dwelling. As a result of the taking of 0.124 acre of their land, the remaining site will consist of a 0.463 acre piece plus the CT Page 8658 dwelling house. Also, the rear portion contained the hemlocks, shrubbery and shade trees which surrounded and screened it from Interstate Route 91, which lies to the east. Prior to the taking the land was a long narrow plot roughly 400 feet by 65 feet. After the taking it will be about 90 feet shorter and accordingly that much closer to Route 91. Also lost in the process are the hemlocks and other screening growths which were previously in place. There was evidence that the State would erect a wooden-type barrier; that the plaintiffs could plant trees and shrubs; and that the proposed access ramp would be eighteen feet above ground level.
The plaintiffs' appraiser has found the value of the entire property before the taking to be $150,000, and after the taking $128,000. The defendant's appraiser, on the other hand, stated the value before the taking as $150,000 and the value thereafter to be $144,000.
Ultimately the referee's determination of the value of the property depends upon his considered judgment, taking into consideration the divergent views expressed by the witnesses and the claims of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. He may reach his own conclusion as to the value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Wronoski v. Redevelopment Agency, 180 Conn. 579, 596.
Based upon my viewing of the property, and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiffs were $18,000.
Judgment may enter for the plaintiffs for the further sum of $12,300 together with interest on said sum of $12,300 ($18,000 minus $5,700) at the rate of 10% from the day of taking to the date of payment, together with costs, and allowance of $1,000 as an appraiser's fee.
John M. Alexander State Trial Referee.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 8660